IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

FILED
**February 8, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-376**      (JCN: 2016004423)

**CAREY FITZWATER,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Murray American Energy, Inc. ("Murray") appeals the July 24, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Carey Fitzwater filed a response.[1] Murray did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Fitzwater an additional 4% PPD award, and instead granting him an additional 9% PPD award, for a total PPD award of 35%.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 11, 2015, Mr. Fitzwater suffered an occupational electrical injury while employed by Murray. The claim administrator issued an order dated October 2, 2015, holding the claim compensable for injury of the face and neck. Claim administrator orders dated September 7, 2016, and October 24, 2016, added post-traumatic seizures, electrocution, and hemiplegia affecting the left dominant side to the claim as compensable conditions. On February 23, 2018, the Workers' Compensation Office of Judges ("OOJ") issued a decision holding major depressive disorder and post-traumatic stress disorder compensable.

The OOJ issued a decision dated April 23, 2019, reversing a claim administrator's order dated January 19, 2018, which granted no PPD in the claim, and instead granting Mr. Fitzwater a 26% PPD award. By order dated September 24, 2019, the Board affirmed the

---

[1] Murray is represented by Aimee M. Stern, Esq. Mr. Fitzwater is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq.

OOJ's decision. Subsequently, the Supreme Court of Appeals of West Virginia affirmed the Board's order by a memorandum decision dated March 19, 2021.

On January 5, 2022, Bruce Guberman, M.D., performed an independent medical evaluation ("IME") of Mr. Fitzwater. Mr. Fitzwater reported weakness and numbness in his left arm and left leg, neck pain, and seizures following his compensable injury. Dr. Guberman found that Mr. Fitzwater was at maximum medical improvement ("MMI") for his compensable injury. Dr. Guberman evaluated Mr. Fitzwater's permanent impairment using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*") and West Virginia Code of State Rules § 85-20 (2006) ("Rule 20"). For Mr. Fitzwater's seizure disorder, Dr. Guberman found 25% whole person impairment ("WPI") under Table 5 on page 143 of the *Guides*. For left arm and left leg weakness, Dr. Guberman found 3% WPI for station and gait impairment and 3% WPI for left arm weakness. For the cervical spine, Dr. Guberman found 8% WPI under the *Guides*. Dr. Guberman applied Rule 20 and placed Mr. Fitzwater in Cervical Category II of Table 85-20-E. Applying the *Guides'* Combined Values Chart, Dr. Guberman found that Mr. Fitzwater had a combined total of 35% WPI for the compensable injury. As Mr. Fitzwater had previously received a 26% PPD award, Dr. Guberman recommended an additional 9% PPD.

Mr. Fitzwater relied on Dr. Guberman's report in a petition to reopen the claim for additional PPD benefits on January 11, 2022. The claim administrator granted the reopening petition by order dated February 9, 2022, and explained that he would be scheduled for an IME.

Joseph Grady, M.D., performed an IME of Mr. Fitzwater on March 15, 2022. Dr. Grady found Mr. Fitzwater to be at MMI, and he found 25% WPI for his post-traumatic seizure disorder in accordance with pages 142 and 143 of the *Guides*. The record contains a letter from Dr. Grady dated April 12, 2022, that reveals that he was informed by the claim administrator that he had failed to evaluate all the claimant's compensable conditions during his evaluation. In his letter, Dr. Grady explained that he found no ratable impairment under the *Guides* for Mr. Fitzwater's hemiplegia or face and neck injuries. On May 17, 2022, Dr. Grady performed a second IME of Mr. Fitzwater. For the cervical spine, Dr. Grady found 4% WPI under the *Guides* for range of motion abnormalities of the cervical spine. Applying Rule 20, he placed Mr. Fitzwater in Cervical Category II of Table 85-20-E and adjusted the impairment to 5% WPI. Dr. Grady combined his previous recommendation of 25% WPI for post-traumatic seizure disorder with the 5% impairment for the cervical sprain and found that Mr. Fitzwater had a total of 29% WPI related to the compensable injury.

On August 22, 2022, Robert Walker, M.D., performed an IME of Mr. Fitzwater. For post-traumatic seizure disorder, Dr. Walker found 22% WPI using pages 142 and 143 of the *Guides*. Dr. Walker found 3% WPI based on page 9 of the *Guides* for the "requirement

2

of multiple anticonvulsant medications with required surveillance and association of side effects." Dr. Walker found 4% WPI for hemiplegia and 9% WPI for the cervical spine. Applying Rule 20, Dr. Walker placed Mr. Fitzwater in Cervical Category II of Table 85-20-E and adjusted the impairment to 8% WPI. Combining Mr. Fitzwater's impairments using the *Guides*' Combined Values Chart, Dr. Walker found a total of 33% WPI related to the compensable injury.

On July 24, 2023, the Board reversed the claim administrator's order, which granted Mr. Fitzwater an additional 4% PPD award, and instead granted him an additional 9% PPD award, for a total of 35% PPD for the physical injuries in the claim. Murray now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Murray argues that the Board erred in finding Dr. Guberman's report to be the most persuasive as his impairment ratings are contrary to the medical evidence. Murray further argues that the Board should have found Dr. Grady's report more persuasive as the impairment ratings were the most consistent with Mr. Fitzwater's medical records. We disagree.

Here, the Board found that Dr. Guberman's report was the most persuasive as the impairment ratings were more consistent with the weight of the medical evidence. The Board found that Dr. Grady's report was not persuasive, as his impairment findings for the cervical injury and hemiplegia were not consistent with the ratings of Drs. Guberman and

3

Walker. The Board also found that Dr. Walker's report was unpersuasive, as he was the only evaluator to recommend impairment for the effects of required treatment of the post-traumatic seizure disorder. The Board noted that this rating was inconsistent with the OOJ's previous decision indicating that Dr. Walker's finding of impairment on that basis was not supported by the *Guides*. Ultimately, the Board found that the medical evidence established that Mr. Fitzwater was entitled to an additional 9% PPD award, for a total PPD award of 35%.

Upon review, we conclude that the Board was not clearly wrong in finding that Dr. Guberman's report was the most persuasive based on its analysis of the medical evidence. Further, the Board was not clearly wrong in finding that Mr. Fitzwater was entitled to an additional 9% PPD award, for a total of 35% PPD related to his physical injuries in the claim, based on Dr. Guberman's report.

Accordingly, we affirm the Board's July 24, 2023, order.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4